UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 25-379 (PJS/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION FOR DISCOVERY** |
| ) | |
| JEFFREY ALAN PETERSEN, ) | |
| ) | |
| Defendant. ) | |

Defendant Jeffrey Petersen, through undersigned counsel, hereby moves the Court for an Order directing the plaintiff to permit discovery, inspection and copying of the following:

1. All statements, confessions, admissions, remarks, or utterances of the defendant made to investigation officers or to third parties, including all audio, video and electronic tape recordings, and all writings containing or pertaining to said statements, admissions, remarks and utterances which may have been incorporated in any report, statement, memorandum or other document or recording prepared by any person or federal, state or local government agents, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. In addition, the names of those officers present at the time the above statements were made.

2. Copies of defendant's prior criminal record, if any, whether federal, state or local.

3. All physical and documentary evidence obtained by plaintiff whether by seizure, process or other means, intended to be offered as evidence at the trial of this case, including its place and date of seizure, its present location, the name of the resent custodian and an opportunity to inspect and make copies thereof.  This request includes, but is not limited to, documents and tangible objects obtained from or belonging to the defendant.

4. All physical and documentary evidence obtained by the plaintiff whether by seizure, process or other means arguably relevant to the case which the plaintiff does not intend to use as evidence at the trial of this case. This includes but is not limited to all items and documents seized from co-defendants or alleged conspirators, their homes, vehicles or places of business.

5. Any results or reports of physical or mental examinations, any results or reports or scientific tests or experiments which are material to this case, including, but not limited to, reports and tests relating to chemical analysis, metallurgy, fingerprints, voice prints, and handwriting which are within the possession, custody or control of the plaintiff.  This request includes copies of any physical or mental examinations of government witnesses which may have relevance to the competence or credibility of a government witness.

6. If any expert witness will be called by the plaintiff, his or her name, address, qualifications, subject of testimony, together with a copy of report thereof.

7. Provide a specific description of the circumstances of any search, and of the manner of search including:

    (a)    Officers or third persons present;
    (b)    Items which are seized and the exact location of their seizure;
    (c)    The exact time of the search and the exact time of the seizure of each item;
    (d)    The manner of entry into the place where any items were seized;
    (e)    Copies of all search warrants and supporting affidavits.

8. The names and addresses of all witnesses whom the plaintiff intends to call in this case.

9. The names and addresses of all witnesses to the incident described in the indictment whom the plaintiff does not intend to call in this case.

10. Copies of all statements made by witnesses in this case, whether or not the plaintiff intends to call the witness, which are in the possession, custody or control of the plaintiff no later than twenty working days before trial.

11. State whether any intended government witness has any arrest or conviction record whatsoever, whether federal, state or local and the nature of the offense.

12. The names and addresses of all persons who gave testimony before the Grand Jury which returned the indictment herein.

13. The minutes and transcript of all Grand Jury proceedings which returned the indictment herein.

14. All information in whatever form, source or other nature which tends to exculpate the defendant either through his innocence or through the potential

impeachment of any government witnesses; and all information of a similar nature which may be or become of benefit to the defendant in preparing for or presenting the merits of his defense of innocence at trial. Since plaintiff and defendants may differ in their opinions as to what constitutes exculpatory evidence, defendant requests that the court examine in camera, plaintiff's files for evidence exculpatory to defendant.

15. The names and addresses of any governmental witness whether intended to be called at trial or not, purporting to be reliable, confidential informants, and any statement given by such person to law enforcement officers.

16. All evidence of any promises made and/or valuable consideration paid to any undercover agents or any persons acting in the employ of the government or acting in its behalf in connection with the case in exchange for this testimony and/or involvement with this case.

17. Reports, files, notes, photographs, tape recordings, and evidence gathered or provided by confidential informants or government witnesses on a previous case.

18. Describe in detail any prior similar acts of defendant the government intends to introduce at trial and disclose all information requested in this motion as it may relate to said prior similar acts.

19. All reports, investigations, searches, and other actions taken in connection or as a result of this case, including but not limited to other places that were searched and other persons that were arrested.

20. All informants who provided any information in connection with this case, a description of the information provided, an explanation why said informants were deemed reliable, a copy of the criminal record of said informants, and an explanation of all consideration provided to said informants.

21. All documents and tangible objects that are material to the preparation of the defense, that the government intends to use as evidence at trial, or were obtained from defendant.

22. All policies, procedures, and protocols utilized in connection with the testing and examination of items seized at the time of said testing.

23. A written summary of any expert testimony that the government intends to offer at trial.

24. Bodyworn camera recordings of incidents, arrests and investigation related to this case.

25. Squad camera recordings of incidents, arrests, and investigations related to this case.

Defendant requests the court pursuant to Rule 15(c) to direct the United States Attorney to promptly supply to counsel for the defendant any material ordered produced pursuant to this motion which comes into the possession, knowledge, or control of the United States Attorney subsequent to the entry of the orders requested or during the course of the trial and further promptly advise counsel for the defendant of the existence

of any such materials should such knowledge be brought to the attention of the United States Attorney.

Dated:  December 9, 2025	LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
   Jordan S. Kushner, ID 219307
   Attorney for Defendant
   431 South 7th Street, Suite 2446
   Minneapolis, Minnesota  55415
   (612) 288-0545
   jskushner@gmail.com