UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                      Case No. 25-CR-0379 (PJS/DLM)

Plaintiff,

v.                                             ORDER

JEFFREY ALAN PETERSEN, a/k/a Jeffrey
Allen Petersen,

Defendant.

Benjamin Bejar, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Jordan S. Kushner, LAW OFFICE OF JORDAN S. KUSHNER, for
defendant.

Defendant Jeffrey Petersen is charged with ten counts of threatening to murder a

United States official and ten counts of interstate transmission of a threat to injure the

person of another.  ECF No. 45.  Trial in this matter is currently scheduled to begin on

August 3, 2026.  ECF No. 65.

This matter is before the Court on the government's motion to continue the trial.

The government seeks a continuance because a key material witness is also the lead case

agent for a separate, previously scheduled criminal trial set for the same week and is

therefore not available to testify at Petersen's trial.  The witness, a Deputy United States

Marshal criminal investigator, led the investigation that resulted in Petersen's

indictment, including assisting in the execution of a residential search warrant of

Petersen's residence and taking part in an interview of Petersen.  The Court accordingly agrees that this witness is "essential" within the meaning of the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(3)(A) (excluding "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness"); *United States v. Porchay*, 651 F.3d 930, 939 (8th Cir. 2011) ("A witness is 'essential' if he is unquestionably important to the case and the government has a good faith belief that it will use that witness's testimony at trial." (citation and quotation marks omitted)).  The Court also agrees that the witness is unavailable.  *See* 18 U.S.C. § 3161(h)(3)(B) ("an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence").

The Court therefore grants the government's motion to exclude time and continue the trial.  The Court will issue a separate order rescheduling the trial and excluding time.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The government's motion to continue the trial and exclude time from the Speedy Trial Act [ECF No. 69] is GRANTED.

2. By separate order, the Court will set a new trial date and exclude time.

-2-

Dated:  July 16, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge